IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| KELSEY SWINDEL<br>    Plaintiff<br><br>V.<br><br>LESLIE RICHARD PASCHEN and<br>DMT TRUCKING, LLC<br>    *Defendants* | §<br>§<br>§<br>§<br>§   Civil Action No.:<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRIC COURT:

Pursuant to 28 U.S.C. §1441(a), Defendant, DMT Trucking LLC, files this Notice of Removal of an action filed against it that is currently pending in the 159th Judicial District Court of Angelina County, Texas, Cause Number CV-00157-20-04, after being transferred from the 136th Judicial District Court of Jefferson County, Texas on April 3, 2020, to the United States District Court for the Eastern District of Texas, Lufkin Division, on the basis of the following facts that show this case is properly removable:

I.  **The Texas State Court Action**

1.  On January 3, 2020, Kelsey Swindel (Plaintiff), filed a civil action styled Kelsey Swindel v. Leslie Richard Paschen and DMT Trucking LLC, Cause No. D-205076, in the 136th Judicial District Court of Jefferson County, Texas (hereafter the "State Court Action"). Plaintiff's Original Petition (Petition), asserts negligence and gross negligence claims against Defendants. A copy of Plaintiff's Original Petition in the State Court Action is attached hereto as Exhibit A. On March 31, 2020, the parties filed an Agreed Order to transfer the State Court Action to state district court in Angelina County and on April 3, 2020, the presiding judge of the State Court Action signed the order transferring the case to Angelina County. See Signed Order

Transferring case to Angelina County attached as Exhibit B. The case is now pending in the 159th Judicial District Court of Angelina County, Texas.

## II. This Case is Properly Removable

2.     Plaintiff filed the State Court Action on January 3, 2020. *See* Exhibit A. On March 4, 2020, Plaintiff served Defendant DMT with her Original Petition. See Exhibit C. Accordingly, the 30-day time period to remove this action has not expired, and this Notice of Removal is therefore timely.  28 USC 1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal."); see *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 524 U.S. 344, 347-48 (1999) (time to remove runs from actual service; *Thompsons v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (same, following *Murphy Bros.*).

3.     This action may be removed to this Court because it involves a controversy wholly between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Therefore, this is a civil action in which the district of the United States has original diversity jurisdiction pursuant to 28 U.S.C.  § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

## III.     Venue is Proper is this District and Division

4.     Venue is proper in the United States District Court for the Eastern District of Texas, Lufkin Division, under 28 U.S.C. §§ 1391(b)(2), because all or a substantial part of the events forming the basis of this suit occurred in Angelina County, Texas, which is in this District and Division. Stated another way, the vehicle accident which forms the basis of Plaintiff's lawsuit occurred in Angelina County, Texas. Further, although the underlying lawsuit was originally filed in a state district court of Jefferson County, Texas, on March 31, 2020, the parties

filed an Agreed Order to transfer the case to state district court in Angelina County and on April 3, 2020, the presiding judge of the underlying lawsuit in Jefferson County signed the order transferring the case to Angelina County. See Signed Order Transferring case to Angelina County attached as Exhibit B. The district clerk of Angelina County informed the undersigned today, April 3, 2020, that the case was transferred to the 159th Judicial District Court of Angelina County, Texas.

### IV. The Parties and Their Citizenship

5. At the time the State Court Action was filed and as of the filing of this Notice of Removal, Plaintiff was and is a resident of and domiciled in Jefferson County, Texas. For purposes of diversity jurisdiction, the citizenship of a party depends on whether the party is a natural person, a corporation, or a non-corporate artificial entity. A natural person is a citizen of a state within the meaning of the diversity statute if he is a United States citizen and is domiciled within the state. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Plaintiff is therefore a citizen of the State of Texas.

6. At the time the State Court Action was filed and as of the filing of this Notice of Removal, Defendant Leslie Richard Paschen was and is a resident of and domiciled in the State of Oklahoma. Plaintiff served Defendant Leslie Richard Paschen at his residence located at 212231 E 1120 Road, Eufaula, Oklahoma 74432.

7. At the time the State Court Action was filed and as of the filing of this Notice of Removal, Defendant DMT Trucking, LLC was a foreign limited liability company organized under the laws of the State of Florida with its principal place of business located in 452 N Temple Ave., Starke, Florida 32091. The sole member of DMT Trucking LLC is P&S Acquisition, LLC, whose sole member is P&S HoldCo, LLC. The sole member of P&S HoldCo,

LLC is PS FinCo 2, LLC. The sole member of PS FinCo 2, LLC is PS FinCo 1, LLC whose sole member is PS Parent, LLC. The members of PS Parent, LLC are Goodwin Enterprises, Inc. and OEP Capital Advisors, L.P. Goodwin Enterprises, Inc. is a corporation organized under the laws of the State of Alabama with its principal place of business at 1810 Avenue C, Birmingham, Alabama. OEP Capital Advisors, L.P. is a Delaware limited partnership whose partners are residents of the following country and states:  Germany, Connecticut, New York, Illinois, and Massachusetts.  "[A] corporation's citizenship derives, for diversity jurisdiction purposes, from its state of incorporation and principal place of business." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006).

### V.   Diversity of Citizenship Jurisdiction is Present

8. Removal of this action is proper under 28 U.S.C. § 1441, because this action satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1332(a), a federal court has jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …citizens of different states…" 28 U.S.C. §1331(a).

9. As shown above, each party to this lawsuit is a citizen of a different state and complete diversity of citizenship is present as required by 28 U.S.C. § 1332(a).

10. A federal district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings … that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  It is facially apparent from Plaintiff's Original Petition that she seeks damages and other relief far in excess of the sum or value of $75,000, exclusive of interest and costs.  See Exhibit A at Paragraph V ("Plaintiff seeks monetary relief over $1,000,000 and a demand for judgment for all

the other relief to which Plaintiff deems herself entitled.") Accordingly, the amount in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and the amount in controversy requirement is also satisfied.

### VI. Removal Procedure

11. In accordance with 28 U.S.C. § 1446(a) & (d), this Notice of Removal is accompanied by the following documents:

    a. A copy of Plaintiff's Original Petition, attached hereto as Exhibit A;

    b. A copy of the Signed Order transferring the State Court Action to state district court in Angelina County, Texas, attached hereto as Exhibit B.

    c. A copy of the email confirming acceptance of service on DMT as Exhibit C.

    d. A copy of the 28 U.S.C. § 1446(d) Notice of Filing of Notice of Removal, which will be filed promptly in the 159th Judicial District Court of Angelina County, Texas. See Notice of Filing of Notice of Removal attached hereto as Exhibit D; and

    e. A copy of the Register of Actions Sheet in the State Court Action will be supplemented to this filing once it is available.

12. Concurrent with the filing of this Notice of Removal, Defendant will give written notice to Plaintiff and Co-Defendant and will promptly file a copy of this Notice of Removal with Clerk of the State Court required by 28 U.S.C. § 1446(d). Co-Defendant has been consulted and consents to the removal.

13. Defendant therefore respectfully requests that the State Court Action, which is now pending in the 159th Judicial District Court of Angelina County, Texas as of April 3, 2020, be removed to the United States District Court for the Eastern District of Texas, Lufkin Division,

and that this Court exercise jurisdiction over this action to the exclusion of further proceedings in the State Court from which this action was removed.

        Respectfully submitted,

        **MCKINNEY TAYLOR PC**

        BY __*Tory F. Taylor*_____
            TORY F. TAYLOR
            SBN:  24008131
            WESLEY T. WELMAKER
            SBN:  00795826
        Three Riverway, Suite 900
        Houston, Texas 77056
        (713) 487-1487
        (713) 487-1488 – FAX
        taylor@mckinneytaylor.com
        welmaker@mckinneytaylor.com
        ATTORNEYS FOR DEFENDANT DMT TRUCKING LLC

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon opposing counsel of record herein, via hand delivery, facsimile, regular mail, e-mail, and/or certified mail/return receipt requested, on this 3rd day of April 2020.

**ATTORNEYS FOR PLAINTIFF:**
**Mr. Malachi Daws**            **VIA E-FILE**
THE DAWS LAW FIRM
4055 DOWLEN ROAD
Beaumont, TX 77701
mdaws@dawslawfirm.com

**ATTORNEYS FOR LESLIE RICHARD PASCHEN:**
**Mr. Gregory A. Holloway, Partner**       **VIA E-FILE**
**Mr. Austin Martin**
TAYLOR, BOOK, ALLEN & MORRIS
4300 One Houston Center
1221 McKinney
Houston, TX 77010
gholloway@taylorbook.com
amartin@taylorbook.com

        */s/ Wesley T. Welmaker*_____
        WESLEY T. WELMAKER